

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2008

# In Re: Mindy Zied-Campbell

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2613

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Mindy Zied-Campbell " (2008). *2008 Decisions.* Paper 961.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/961

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-228**                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2613
_____

IN RE:  MINDY JAYE ZIED-CAMPBELL,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 04-cv-00026)
District Judge: Honorable Yvette Kane

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 12, 2008

Before: SLOVITER, FISHER and HARDIMAN, Circuit Judges

(Opinion filed   June 27, 2008 )
_____

OPINION
_____

PER CURIAM

Mindy Jaye Zied-Campbell presents a mandamus petition through which she

challenges some of the District Court's decisions in her civil rights suit.  Specifically, she

argues that the District Court violated a clear duty on April 23, 2008, when it denied her

request to waive PACER[1] fees.  She also contends that the District Court should have granted her motion for reconsideration and vacated its March 30, 2007 order granting in part and denying in part the defendants' motion for judgment on the pleadings.  She asks that we issue a writ of mandamus requiring the District Court to vacate its orders of March 30, 2007, and April 23, 2008.

We will deny Zied-Campbell's mandamus petition.  Mandamus is an extraordinary remedy.  See Kerr v. U.S. Dist.Court, 426 U.S. 394, 402 (1976).  Within the discretion of the issuing court, mandamus traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'"  Id. (citations omitted).  To win mandamus relief for a "judicial usurpation of power" or a "clear abuse of discretion," a petitioner must show that she has "no other adequate means to attain the desired relief," (so as to prevent the writ from being used a substitute for appeal) and "a right to the writ [that] is clear and indisputable.'"  Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004) (citations omitted); see also In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000).

Zied-Campbell, who asks us to direct the District Court to vacate its orders, attempts to shoe-horn an appeal into a petition for writ of mandamus.  However, mandamus is not a substitute for appeal.  See Cheney, 542 U.S. at 380; Madden v. Myers,

---

[1]PACER, an acronym for Public Access to Electronic Records, is a service that provides electronic access via the Internet to case and docket information from the federal courts.

102 F.3d 74, 79 (3d Cir. 1996).  Zied-Campbell cannot show that she is without an adequate means for relief.  At some time, she may renew her arguments that she showed cause for a waiver of the PACER fees and that the District Court abused its discretion in denying her motion for reconsideration in an appeal from the District Court's decisions.  Accordingly, mandamus relief is not appropriate here.